UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

FILED BY _____ D.C.

DEC 1 6 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

METCIE WILLIAMS,
a Louisiana citizen and resident,

Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,
and JOHN DOE

Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff METCIE WILLIAMS, a Louisiana citizen and resident, and files

this Complaint against Defendants CARNIVAL CORPORATION, a Panamanian corporation with

its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES, and

JOHN DOE, a natural person and employee of CARNIVAL CORPORATION, alleges:

### JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of seventy-five thousand ($75,000.00)

dollars, exclusive of interest and costs.

2.      Plaintiff METCIE WILLIAMS is sui juris and is a permanent resident and citizen

of the State of Louisiana.

3.      Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian

corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all

material times Defendant CARNIVAL CORPORATION has done business under the fictitious

name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4.      Defendant JOHN DOE is a natural person who at all times relevant was the captain and operator of the M/S "CARNIVAL GLORY" in the course and scope of his employment with CARNIVAL CORPORATION.

5.      Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; and the amount of damages claimed exceeds $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 12 below support an award of damages in excess of $75,000.00.

6.      At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami- Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

7.      In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8.      The Defendant's principal place of business is located in Miami Dade County Florida. Accordingly, venue is proper in this Court.

9.      Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely notice of claim as required by the ticket contract.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10.     At all material times, the Defendant was engaged in the business of operating

6

maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "CARNIVAL GLORY."

11.     At all material times, the Plaintiff was a fare-paying passenger on board the M/S "CARNIVAL GLORY" and in that capacity was lawfully present on board the vessel.

12.     On or about December 20, 2019 while the Plaintiff was lawfully on board the M/S GLORY as a fare paying passenger, the M/S "CARNIVAL GLORY" collided with the M/S "CARNIVAL LEGEND." At the time of the incident, your plaintiff was seated in the cafeteria located on the Lido Deck.

13.     Upon information and belief, it is alleged that the Defendant John Doe, while acting in the course and scope of his employment (as Captain) with CARNIVAL CORPORATION, negligently collided the M/S "CARNIVAL GLORY" into the M/S "CARNIVAL LEGEND."

14.     As a direct and proximate result of the ships colliding as described above and hence of the Defendant's negligence, the Plaintiff was injured in and about her body and extremities, including knee injuries, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, and the inability to lead a normal life. She incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries. She lost earnings and will continue to lose earnings or earning capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – JOHN DOE NEGLIGENTLY COLLIDING INTO ANOTHER VESSELL

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

15.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a vessel it operated, a duty of reasonable care, including the duty to provide

safe passage from its departing location and back to the same.

16. The Defendant's specific negligent acts or omissions consist of one or more of the following:

a. Failing to keep proper lookout;

b. Operating a Motor Vessel while inattentive;

c. Failing to see what should have been seen;

d. Failing to maintain control of a vessel and causing a collision;

e. Failing to act as a reasonable and prudent person would under the same or similar circumstances;

f. Any and all other acts of negligence to be shown at a trial on the merits therein.

17. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for compensatory damages and the costs of this action.

## COUNT II – CARNIVAL CORPORATION NEGLIGENTLY ENTRUSTING JOHN DOE TO OPERATE ITS VESSEL

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

18. At all material times, the Defendant CARNIVAL CORPORATION owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to provide safe passage from its departing location and back to the same. Embedded within that duty is the obligation of the defendant to provide the plaintiff and all passengers with a well-trained operator or captain capable of safely operating the M/S "CARNIVAL GLORY."

6

19.     The Defendant's specific negligent acts or omissions consist of one or more of the following:

a.      Failing to adequately train its operators;

b.      Failing to implement SOPs and SOGs regarding safety and collision avoidance;

20.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained and continues to sustain the damages alleged in paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 14th day of December 2020.

**RESPECTFULLY SUBMITTED**
**PRO SE LITIGANT**

**Metcie Williams**
**443 Carver Street**
**Lafayette Louisiana 70501**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

METCIE WILLIAMS,
a Louisiana citizen and resident,

       Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,
and JOHN DOE

       Defendants.

_____/

## **AFFIDAVIT OF VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

       BEFORE ME, the undersigned personally came and appeared:

METCIE WILLIAMS

Who after being duly sworn did say:

       That he is the petitioner in the above-captioned matter and that all the allegations contained in the

petition are true and correct, to the best of his knowledge, information and belief.


_____

METCIE WILLIAMS


SWORN TO AND SUBSCRIBED before me,
this_____day of _____, 2020.


_____
R. Christopher Harrison (LA BAR#35809)

6

# FedEx Express

RT **458**
FZ **469**

1
10:30
E
2448
12.16

ORIGIN ID:NEWA  (504) 810-2260
RODDRICK HARRISON

650 POYDRAS ST STE 2107

NEW ORLEANS, LA 70130
UNITED STATES US

TO US DISTRIC COURT-ATTN: CLERK
SOUTHERN DISTRIC OF FLORIDA
400 N MIAMI AVE.

MIAMI FL 33128

(306) 623-5100
THU:
PO:                          REF:

DEPT:

SHIP DATE: 15DEC20
ACTWGT: 0.10 LB
CAD: 6990854/SSF02121

BILL CREDIT CARD

Align top of FedEx Express® shipping label here.

FedEx
Express



J202G20070601uv

TRK#
0201  7814 5138 2448

XH MPBA

WED — 16 DEC 10:30A
PRIORITY OVERNIGHT

33128
FL-US     MIA



Part # 162297-495 CRPOD OLYS 11/21